**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1357-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK RIVERA,

    Defendant-Appellant.

_____

Submitted March 8, 2021 – Decided June 14, 2021

Before Judges Hoffman and Suter.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 17-03-0277.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Ali Y. Ozbek, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Derrick Rivera appeals from the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. He alleges ineffective assistance of counsel at his plea hearing and sentencing. For reasons that follow, we affirm.

On September 30, 2016, defendant was stopped by the police in the City of Passaic. During a lawful search of his vehicle, the police found heroin and cocaine. They also found a handgun.

Defendant was charged under Indictment No. 17-03-0277 with drugs and weapons offenses. These included: two counts of third-degree possession of a controlled dangerous substance (CDS) (counts one and five), N.J.S.A. 2C:35-10(a)(1); two counts of third-degree possession with intent to distribute a CDS (counts two and six), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3); two counts of third-degree possession with intent to distribute a CDS within 1000 feet of a school property (counts three and seven), N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a); two counts of second-degree possession with intent to distribute a CDS within 500 feet of public property (counts four and eight), N.J.S.A. 2C:35-7.1 and N.J.S.A. 2C:35-5(a); second-degree possession of a weapon for an unlawful purpose (count nine), N.J.S.A. 2C:39-4(a); second-degree unlawful possession of a weapon (count ten), N.J.S.A. 2C:39-5(b)(1);

third-degree unlawful possession of a weapon (count eleven), N.J.S.A. 2C:39-5(b)(2); and two counts of second-degree certain persons not to have weapons (counts twelve and thirteen), N.J.S.A. 2C:39-7(b)(1).

On December 13, 2017, defendant pleaded guilty to one count of third-degree possession of CDS (count five) and one count of second-degree certain persons not to have weapons (count twelve),[1] acknowledging at the plea hearing he was guilty of both.

Defendant denied he was forced to plead guilty.

> Court: Okay. Good. Anybody — and nobody forced, pressured or scared you to plead guilty.
>
> Defendant: No.

Defendant expressed he was satisfied with his attorney.

> Court: Did you have enough time to review both the plea forms and the police reports on all these — on both these cases with your attorney, Mr. Patullo?
>
> Defendant: Yes.
>
> Court: Are you satisfied with his services?
>
> Defendant: Yes, Your Honor.
>
> Court: He got you the very best he could under these circumstances.

---

[1] Defendant also pleaded guilty to one charge under another indictment, No. 17-09-0098-I. That guilty plea is not part of this appeal.

Defendant: Yes, he did.

Court: You understand that.

Defendant: Appreciate it.

Defendant acknowledged his initials on the plea form and that he had signed it. He responded in the affirmative to the judge about reviewing the questions with his attorney.

Court: Before you signed and initialed those forms, did you first review those questions on the plea forms —

Defendant: Yes.

Court: — with Mr. Patullo and on your behalf he circled the truthful response, right?

Defendant: Correct.

At defendant's request, the court extended the ankle bracelet requirement to accommodate his request for more family time because some of his children lived out of state.

Defendant was sentenced as recommended in the plea agreement to a six-year term of incarceration on count twelve with a five-year period of parole ineligibility and to a concurrent three-year term on count five. During the sentencing hearing, defendant's attorney noted defendant has "significant family ties" and that his sentencing posed "a very difficult day for both him and his

A-1357-19

family . . . ." Defendant's attorney advised the judge that defendant has "good relationships with both his family and his children . . . ." His attorney stated defendant and he "had a pretty lengthy conversation in the hallway today where, you know, he thanked me for -- for my services . . . ."

At sentencing, the court noted defendant had a "network behind [him], [of] family and friends." The court considered defendant has a "significant period of law-abiding behavior" prior to this offense, and that he was being sentenced on the "low end" of both offenses. However, the court found aggravating factors three ("the risk that defendant will commit another offense"), six (defendant's criminal record and seriousness of the offense), and nine (the need to deter), outweighed mitigating factor seven (defendant "has led a law-abiding life for a substantial period of time") and the non-statutory mitigating factor, defendant's work history. N.J.S.A. 2C:44-1(a)(3), (6), (9); N.J.S.A. 2C:44-1(b)(7).

Defendant did not file a direct appeal. However, he filed a pro-se PCR petition on October 25, 2018, in which he alleged the ineffective assistance of counsel at his plea and sentencing hearings. Counsel was assigned, who filed a supplemental brief and a certification from defendant.

Defendant alleged his plea counsel did not have "meaningful discussions" about the case with him and that no defenses were developed. He claimed he was pressured to plead guilty. Defendant claimed his attorney did not raise certain mitigating factors at the sentencing hearing. These included that he was coaching little league and women's softball. Defendant argued he had "strong family ties" and was "giving financial support to his family." Although he was in arrears on child support, he claimed to be making payments as he could. Defendant claimed his attorney should have argued that incarceration was a hardship on his six children.

The PCR court denied defendant's PCR petition on September 16, 2019, without an evidentiary hearing. In the court's written decision, it found trial counsel exercised reasonable professional judgment by negotiating a favorable plea-bargain for defendant, who was facing up to twenty years of incarceration. His attorney negotiated a resolution of two separate indictments. The court noted the evidence against defendant was "overwhelming." Defendant's "image [was] captured on [a] high quality video recording walking about a convenience store brazenly [waving] a firearm." The court found defendant did not mention any meaningful defense in his PCR petition. The PCR court concluded

A-1357-19

defendant did not present specific facts to support his position or show that the outcome would be different.

With respect to the sentence, the PCR court noted defendant was sentenced in accord with the plea agreement although the aggravating factors outweighed the mitigating factors. The PCR judge — who also took the plea and sentenced defendant — noted that even if additional mitigating factors had been found, it would not have departed from the terms of the plea agreement.

Defendant presents the following issue for our consideration on appeal:

POINT ONE

MR. RIVERA IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO DISCUSS HIS CASE AND DEFENSES, THEREBY FORCING HIM INTO A GUILTY PLEA, AND ALSO BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42 (1987). In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (1) counsel's performance was deficient and he or she made errors

that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The fact that a trial strategy fails to obtain the optimal outcome for a defendant is insufficient to show that counsel was ineffective. State v. DiFrisco, 174 N.J. 195, 219-20 (2002) (citing State v. Bey, 161 N.J. 233, 252 (1999)).

In the plea bargain context, "a defendant must prove 'that there is a reasonable probability that, but for counsel's errors, [he or she] would not have pled guilty and would have insisted on going to trial,'" State v. Gaitan, 209 N.J. 339, 351 (2012) (alteration in original) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)), and that "a decision to reject the plea bargain would have been rational under the circumstances[,]" Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

We agree with the PCR court that the record does not support defendant's arguments that his counsel's performance was deficient at the plea or sentencing hearings. Defendant did not explain what defenses were available to him and

which defenses he would now assert. Defendant did not allege he is willing to stand trial in this matter. At the plea, defendant's counsel stated that he had extensive discussions with defendant prior to the plea. Rather than disagree with this statement, defendant extended his appreciation to his attorney. Defendant specifically denied he was "forced, pressured or scared" into pleading guilty when he was questioned by the judge.

Defendant argues his counsel should have raised mitigating factor eleven, that incarceration would be an excessive hardship on his dependents — who he claimed he was actively supporting — and mitigating factor four, that his substance-abuse contributed to his convictions. N.J.S.A. 2C:44-1(b)(4), (11). However, the record shows the trial judge was aware defendant had children. He provided defendant additional time to see them by adjusting his ankle bracelet restrictions. Defendant's attorney mentioned defendant's children at the sentencing hearing, that he had significant family ties and a good relationship with them. This was considered even though the presentence report showed that defendant was in arrears on child support for more than $80,000, undercutting somewhat the dependency argument.

This record also does not show that defendant was prejudiced by his counsel's performance. Defendant received a favorable sentence based upon his

A-1357-19

plea bargain. Whether drug treatment was requested, defendant certified he is receiving it.

Because defendant failed to present a prima facie case of ineffective assistance of counsel, the PCR court properly determined an evidentiary hearing was not warranted. See State v. Preciose, 129 N.J. 452, 462-63 (1992). We conclude that defendant's further arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION